**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

In re Application of :

NATALIA OLGA META, :

Petitioner, :

For an Order to Obtain Discovery Pursuant to 28 U.S.C. § 1782 for Use in a Foreign Proceeding. :

----------------------------------------------------------x

25-MC-0571 (RA) (OTW)

**ORDER ON PETITION**

**ONA T. WANG**, **United States Magistrate Judge**:

Upon consideration of the *ex parte* application for an Order under 28 U.S.C. § 1782 to take discovery for use in a foreign proceeding ("the Application") from (i) UBS AG.; (ii) Bank of America N.A.; (iii) Deutsche Bank Trust Co. Americas; (iv) Citibank N.A.; (v) The Bank of New York Mellon; (vi) Wells Fargo N.A.; (vii) *Banco de la Nacion Argentina*.; (viii) JPMorgan Chase N.A. ; (ix) Standard Chartered Bank US; and (x) The Clearing House Payment Company L.L.C. (together, "Discovery Subjects") submitted by Petitioner Natalia Olga Meta ("Petitioner") — and all papers submitted in support of the Application, including supporting memorandum, the Declaration of Guillermo Jorge, dated December 15, 2025, the Declaration of Thomas Vandenabeele, dated December 15, 2025 (the "Vandenabeele Declaration"), and the exhibits accompanying the foregoing Declarations, the Court finds that: (1) Petitioner has met the statutory requirements under 28 U.S.C. § 1782, and (2) the discretionary factors, as described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the Application. (See Pet.'s Mem., ECF 4 at 9-11).

While Courts routinely handle Section 1782 applications, such as this one, *ex parte*, Fed. R. Civ. P. 45(a)(4) requires service of any subpoenas issued pursuant to that statute on the parties to the underlying litigation. Petitioner relies on *In re Hornbeam Corp.*, 722 F. App'x 7 (2d Cir. 2018) for her position that it is within the Court's authority "to order otherwise," but that reliance is misplaced. (Pet. Mem., ECF 4 at 16). In that case, the Second Circuit merely found no abuse of discretion by the district court when it permitted the petitioner to serve the objecting respondent with "copies of all previously issued subpoenas and ... to inspect all materials produced in response" to ameliorate any prejudice from Petitioner's failure to comply with the notice requirements of the Federal Rules and Section 1782. *In re Hornbeam Corp.*, 722 F. App'x 7. at 11. *Hornbeam* contains no reasoning that the Court has discretion to depart from those requirements entirely, as Petitioner requests, and Petitioner puts forth none. *See In re Republic of Turkiye,* No. 24-MC-557 (JPC), 2025 WL 2200159, at *9 (S.D.N.Y. Aug. 1, 2025) ("the plain text of Section 1782 requires by default that discovery taken pursuant to the statute comply with the Federal Rules of Civil Procedure...[t]he Court cannot override that clear textual command simply because...a different approach would better serve the purpose of the statute in this context"). Accordingly, Petitioner shall comply with Fed. R. Civ. P. 45(a)(4) and the notice requirements of 28 U.S.C. §1782(a).

For the foregoing reasons, it is **ORDERED** that:

(1) The Application is **GRANTED**;

(2) Petitioner is authorized to serve the proposed subpoenas at ECF 1-1 (the "Subpoenas") upon the Respondents identified in the Vandenabeele Declaration;

(3) The Discovery Subjects are directed to respond to the Subpoenas pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

(4) Nothing in this Order shall be construed to prevent or otherwise foreclose Respondents from seeking appropriate relief from the Court.

The Clerk of Court is respectfully directed to close ECF 1.

**SO ORDERED.**

*/s/ Ona T. Wang*

Dated: June 23, 2026
New York, New York

**Ona T. Wang**
United States Magistrate Judge